UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARVIN GREER,

    Petitioner,

v.

    Case No. 24-cv-412-pp

SUE DEHAAN,[1]

    Respondent.

**ORDER SCREENING AMENDED *HABEAS* PETITION (DKT. NO. 12)**

On May 21, 2025, the petitioner, representing himself, filed an amended petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2016 conviction for manufacturing, distributing or delivering controlled substances. Dkt. No. 12. He has paid the $5 filing fee. This order screens the amended petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Background**

The petition refers to State of Wisconsin v. Marvin Darrell Greer, Rock County Case No. 2015CF001190 (available at https://wcca.wicourts.gov). After

---

[1] Rule 2 of the Rules Governing Section 2254 Petitions requires a petitioner incarcerated under a state court judgment to name as respondent the official who has custody of the petitioner. When the petitioner filed his original petition, he was at the Wisconsin Resource Center. The court has changed the caption to reflect the current director of that facility.

1

a two-day trial, a jury found the petitioner guilty of manufacturing, distributing or delivering heroin and cocaine. Greer, Case No. 2015CF001190. The state court sentenced the petitioner to eight years of imprisonment and five years of extended supervision on the heroin count and five years of probation on the cocaine count. Id. The state court entered the judgment of conviction on August 7, 2017. Id. The state court docket shows that the petitioner filed a motion for a new trial in 2018 and a post-conviction motion in 2022, both of which were denied; the denials were affirmed on appeal. Id. The amended petition states that in these motions, the petitioner raised ineffective assistance of counsel and prosecutorial misconduct claims. See Dkt. No. 12 at 4–7.

The Wisconsin Department of Corrections locator web site shows that in April 2024, when the petitioner filed his original *habeas* petition, he was in a "supervised living facility." https://appsdoc.wi.gov/lop/details/detail. The petition clarified that that living facility was the Wisconsin Resource Center. Dkt. No. 1 at 1. On December 3, 2024, the petitioner was released on extended supervision. https://appsdoc.wi.gov/lop/details/detail.

On April 29, 2025, the court issued an order directing the petitioner to file an amended petition because his original petition did not state grounds for relief. Dkt. No. 11. Shortly afterward, the court received this amended petition. Dkt. No. 12.

**II.     Rule 4 Screening**

    A.     Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

2

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust

3

the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  The Petition

The amended petition raises six grounds for relief: (1) trial counsel failed to challenge officers' probable cause to arrest the petitioner; (2) trial counsel was ineffective "on numerous occasions," including failing to move to dismiss or sever charges prior to trial; (3) trial counsel failed to object to prejudicial testimony about the petitioner's criminal history; (4) trial counsel failed to cross-examine an officer on his prior inconsistent statements; (5) trial counsel failed to object to the prosecutor's prejudicial statements in closing argument including statements that vouched for the credibility of witnesses, and relatedly, that prosecutorial misconduct violated the petitioner's due process rights to a fair trial; and (6) trial counsel's trial strategy was "highly prejudice[ial]" to the petitioner because it considered the petitioner's relationship with a minor. Dkt. No. 12 at 10. Ineffective assistance of counsel and prosecutorial misconduct claims generally are cognizable on *habeas* review. See, *e.g.*, Kimbrough v. Neal, 941 F.3d 879 (7th Cir. 2019) (considering ineffective assistance of counsel claim on *habeas* review); Baer v. Neal, 879

4

F.3d 769 (7th Cir. 2018) (considering prosecutorial misconduct claim on *habeas* review).

It appears that the petitioner exhausted these claims by raising them in his state court postconviction proceedings. The petition also appears timely. The Wisconsin Supreme Court denied the petitioner's petition for review of his last postconviction motion on April 16, 2024; he filed his federal *habeas* petition on April 4, 2024. Although the petitioner has been released on extended supervision, "[a]ny petitioner who files his petition for *habeas corpus* relief while he is incarcerated is in custody within the meaning of the federal *habeas corpus* statutes." Thompson v. Sherrod, Case No. 11-CV-137, 2011 WL 3890297, at *1 (S.D. Ill. Sept. 2, 2011) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). A petitioner still is considered "in custody" after release from incarceration if he is serving a sentence that "involve[s] significant restraints on [his] liberty," such as the restraints that may be imposed on supervised release. Jones v. Cunningham, 371 U.S. 236, 242 (1963); see also Cochran v. Buss, 381 F.3d 637, 640 (7th Cir. 2004) ("[i]t has long been established that "custody" does not require physical confinement"). The court cannot conclude that the petitioner's release to extended supervision moots his claims.

The petitioner has stated a claim, and it appears that he filed it within the one-year limitation period and that he has exhausted his remedies. At this stage, the court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on his alleged grounds.

5

### III. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Sue DeHaan is the correct respondent.

The court **ORDERS** that the petitioner may proceed on the grounds in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

6

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 16th day of July, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**